**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Mark E Johnson, Donna J. Anderson, and Jodi M. Eick, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Discover Bank,<br><br>Defendant. | Court File No.: 17-cv-412<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**I.**

**INTRODUCTION**

1. This is an action for damages, declaratory and injunctive relief, brought by Mark E Johnson, Donna J. Anderson and Jodi M. Eick (hereinafter "Plaintiffs") because of Defendant Discover Bank's (hereinafter "Defendant Discover") violations of Plaintiffs' privacy rights and protections under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq.

2. Defendant Discover publicly filed highly confidential and statutorily protected consumer reports[1] of Plaintiffs and many other similarly situated consumers (collectively herein "Plaintiffs") as part of debt recovery actions commenced in

---

[1] As will be elaborated on below, a "credit score" is a "consumer report" See, 15 U.S.C §1681a(d)(1)(A) and 15 U.S.C §1681g(f)(2)(A). Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties. For purposes of this Complaint, Plaintiffs will use the terms "credit report," "consumer report" and "credit score" interchangeably. They all maintain the same level of protection under the FCRA.

1

Bankruptcy Courts nationwide. Plaintiffs seek relief under the federal Fair Credit Reporting Act ("FCRA") as such "use" of Plaintiffs' consumer reports is not permitted. Defendant Discover's egregious practices run afoul of exactly what Congress intended to prevent with its enactment of the FCRA. The Act was passed to keep consumer credit reports strictly private and protected from unlawful disclosure to unauthorized parties. Defendant Discover violated these privacy provisions and should now be held accountable.

## II.

## JURISDICTION

3. Jurisdiction of this court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), and 15 U.S.C. § 1681(p) ("FCRA").

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, the Plaintiffs' reside in this District, and Defendants Discover conducts business in this District.

## III.

## PARTIES

5. Mark E. Johnson ("Plaintiff Johnson") is an individual consumer currently residing in Polk County, Wisconsin. Plaintiff Johnson was and is a "person" as defined under 15 U.S.C. § 1681a(b), and is protected by and entitled to enforce the remedies of the FCRA.

6. Donna J. Anderson ("Plaintiff Anderson") is an individual consumer currently residing in Pierce County, Wisconsin. Plaintiff Anderson was and is a "person" as defined under 15 U.S.C. § 1681a(b), and is protected by and entitled to enforce the remedies of the FCRA.

7. Jodi M. Eick ("Plaintiff Eick") is an individual consumer currently residing in Buffalo, Wisconsin. Plaintiff Eick was and is a "person" as defined under 15 U.S.C. § 1681a(b), and is protected by and entitled to enforce the remedies of the FCRA.

8. Defendant Discover Bank is a Delaware state-chartered bank and leading credit card issuer and has its principal place of business in Delaware with a registered agent for service of Discover Bank, 100 West Market, Greenwood, DE 19950. Defendant Discover is a Bank engaged in business throughout the United States and also in the State of Wisconsin and lends money to and collects from Wisconsin and nationwide residents. Defendant Discover also from time to time as part of its business has on occasion to file Proofs of Claim in various federal Bankruptcy courts throughout the United States. Defendant Discover was and is a "person" as defined under 15 U.S.C. § 1681a(b), and is restricted by and subject to the remedies of the FCRA.

## IV.

## BACKGROUND INFORMATION

9.  As a result of Defendant Discover's conduct Plaintiffs and the putative class have suffered an injury in fact, that the injury is traceable to the conduct of the Defendant Discover, and the harm is likely to be redressed by a favorable judicial decision.

10. As shown in the paragraphs that follow, the Plaintiffs and the putative class have suffered "an invasion of a legally protected interest" which is their privacy of private and financial information occasioned by the conduct of the Defendant Discover.

11. The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiffs and the putative class in a personal and individual way.

12. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

13. The Court in *Spokeo* further noted that:

> *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*
>
> *And,*

> *"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*
> (Emphasis Added).

14. One of the primary protections of the FCRA is the requirement that "users," such as Defendant Discover, have a permissible purpose when they use a consumer report as demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

15. That invasion of privacy is an example in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

16. The lead Senate sponsor, William Proxmire[2] stated that:

> *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*
> (Emphasis Added).

## V.

## FACTUAL ALLEGATIONS

17. As consumers managing their financial affairs, Plaintiffs Johnson, Anderson, and Eick, and others similarly situated, sought credit by the use of credit cards for personal financial needs from Defendant Discover.

18. Plaintiff Johnson had a Discover credit card account ending in 4839.

19. Plaintiff Anderson had a Discover credit card account ending in 9550.

20. Plaintiff Eick had a Discover credit card account ending in 9125

---

[2] 115 Cong. Rec. 2413 (1969).

21. Plaintiffs were unable to repay the balance on their Defendant Discover credit card accounts.

22. Plaintiffs Johnson, Anderson and Eick ultimately filed for bankruptcy protection in the Federal Bankruptcy Court in Wisconsin and gave notice of such to Defendant Discover and various other creditors.

23. Plaintiff Johnson filed for Chapter 12 Bankruptcy on April 25, 2017, Court File Number 1-17-11448-cjf.

24. Plaintiff Anderson filed for Chapter 13 Bankruptcy on July 7, 2016, Court File Number 1-16-12350-cjf.

25. Plaintiff Eick filed for Chapter 13 Bankruptcy on March 31, 2017, Court File Number 1-17-11087-cjf.

26. The United States Bankruptcy Court provides a warning to creditors like Defendant Discover before filing certain forms or documents in the public record.

27. Specifically, the Bankruptcy Court issued the following warning on the Proof of Claim form advising that certain private personal information should be redacted before filing.  (*See* attached Exhibit 1).

28. Defendant Discover, through its, Senior Bankruptcy Specialist, Ms. Amanda Dingus (hereinafter "Ms. Dingus"), filed a Proof of Claim on May 10, 2017, in Plaintiff Johnson's bankruptcy proceedings which included his personal and private information, including his credit score.  (*See* attached Exhibit 2 (redacted)).

29. Plaintiff Johnson's credit score constitutes part of his credit history as shown in his

"consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

30. Defendant Discover's illegal publication of Plaintiff Johnson's credit score included in the documents it filed in his bankruptcy case, violated 15 U.S.C. §1681b.

31. Defendant Discover, through Ms. Dingus, filed a Proof of Claim on July 13, 2016, in Plaintiff Anderson's bankruptcy proceedings, which included her personal private information, including her credit score.  (*See* attached Exhibit 3 (redacted)).

32. Plaintiff Anderson's credit score constitutes part of her credit history as shown in her "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

33. Defendant Discover's illegal publication of Plaintiff Anderson's credit score included in the documents it filed in her bankruptcy case, violated 15 U.S.C. §1681b.

34. Defendant Discover, through its, Senior Bankruptcy Specialist, Ms. Melissa Wilson, filed a Proof of Claim on April 6, 2017, in Plaintiff Eick's bankruptcy proceedings which included her personal and private information, including her credit score.  (*See* attached Exhibit 4 (redacted)).

35. Plaintiff Eick's credit score constitutes part of her credit history as shown in her "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

36. Defendant Discover's illegal publication of Plaintiff Eick's credit score included in the documents it filed in her bankruptcy case, violated 15 U.S.C. §1681b.

37. While Defendant Discover at one time may have had a permissible purpose to obtain Plaintiffs' credit reports when processing Plaintiffs' credit applications, Defendant Discover did not have any of the permissible purposes listed in 15 U.S.C. §1681(b) to "use" the consumer reports when it publicly disclosed Plaintiffs' consumer report in the aforementioned public Bankruptcy filings.

38. The publication of consumer reports in public Bankruptcy court filings is a "use" which has nothing to do with any of the enumerated permissible purposes in the FCRA.

39. Defendant Discover had no permissible purpose for "using" Plaintiffs' consumer reports in its public filings, and therefore has violated the provisions of 15 U.S.C. §§ 1681b and 1681b(f).

40. As a business conducting its affairs within the United States generally, Defendant Discover is deemed to know what is lawful and what is unlawful under United States law. *See Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charges with knowledge of the law").

41. By reason of the illegality and unlawfulness of its use and publication of consumer report information, Defendant Discover has harmed the Plaintiffs as described in 15 U.S.C. §§ 1681n.

42. As a result of the acts of use and publication above, Plaintiffs have suffered and are

entitled to recover damages pursuant to 15 U.S.C. §§ 1681n.

43. As of the filing of this Complaint, Defendant Discover has not taken any steps to rectify the violations they have caused Plaintiffs as set forth herein and such violations continue from day to day.

# VI.

## CLASS ALLEGATIONS

44. Defendant Discover unlawfully "used" the consumer report of Plaintiffs by attaching them to the Proofs of Claim publicly filed in Plaintiffs' Bankruptcy cases.

45. Defendant Discover has on more than one hundred (100) occasions within the past two (2) years filed proof of claims against similar account holders in the Bankruptcy cases in Federal Bankruptcy Courts nationwide wherein it unlawfully "used" the consumer report, in violation of 15 U.S.C. §§ 1681b(f).

46. Plaintiffs bring this action individually and as a Class action. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs seek to certify a Class consisting of the following individuals:

> *All current and former customers of Defendant Discover nationwide that have had their consumer report/credit score published as an attachment to Proof of Claim filings in Bankruptcy courts within two (2) years of the date of the filing of this complaint.*

47. This class is so numerous that joinder of all members is impracticable. However, the precise number of each Class members is known only to the Defendant

Discover. Plaintiffs, upon information and belief, alleges that the Class consists of greater than one hundred (100) individuals.

48. While the number of class members is not known, Plaintiffs reasonably believe that, given the reach of Defendant Discover's services, the proposed class is sufficiently numerous and contains hundreds, if not thousands, of members and such members can be identified from Defendant Discover's records and those of the Federal Bankruptcy Courts.

49. There are questions of law and fact common to the Class that predominate any questions affecting only individual Class members. The questions include but are not limited to:

    (a) Whether using Plaintiffs' consumer reports by publication in Bankruptcy court proof of claims violated the Fair Credit Reporting Act (15 U.S.C. § 1681a, et seq.); and
    (b) Whether using the consumer report of Plaintiffs caused them harm?

50. Plaintiffs' claims are typical of the claims of the Class members, which all arise from the same operative facts and are based on the same legal theories, including:

    (a) The recovery of statutory and punitive damages for Defendant Discover's violations of federal privacy laws.

51. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are committed to vigorously litigating this matter. Further, Plaintiffs have secured counsel experienced in handling consumer rights class actions. Neither Plaintiffs nor their counsel has any interests that might cause them not to vigorously pursue this case.

52. This action should be maintained as a Class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for those opposing the Class.

53. A Class action is a superior method for the fair and efficient adjudication of controversy. The interest of Class members in individually controlling prosecution of separate claims against Defendant Discover is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained using Defendant Discover's records.

## VII.

## CAUSES OF ACTION

### COUNT I.

### FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681 et seq.

54. Plaintiffs incorporate by reference all the foregoing paragraphs.

55. Defendant Discover willfully violated provisions of the Fair Credit Reporting Act. Defendant Discover's violations include, but are not limited to the following:

> Defendant Discover violated 15 U.S.C. §§ 1681b and 1681b(f) by willfully using Plaintiffs' consumer report / credit score in the Bankruptcy filings.

56. As a result of the above and continuing violations of the FCRA, Defendant Discover is liable to the Plaintiffs in the sum of Plaintiffs' statutory damages,

punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive relief.

## VIII.

## TRIAL BY JURY

57. Plaintiffs are entitled to and hereby demand a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## IX.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that a Judgment be entered against Defendant Discover awarding them the following relief:

(a) certifying this action as a class action;
(b) ordering that Plaintiffs' counsel be named as class counsel;
(c) awarding appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
(d) awarding costs and reasonable attorney's fees and post judgment interest pursuant to 15 U.S.C. §1681 *et seq.*;
(e) an order enjoining the Defendant Discover from further violations of the FCRA relative to the Defendant Discover's inclusion of consumer reports / credit scores in all such proof of claims filed in various federal Bankruptcy courts;
(f) an Order instructing Defendant Discover to move to seal the offensive proof of claims for class members' Bankruptcy court files;
(g) any other appropriate declaratory and or injunctive relief; and
(h) such other and further relief as the Court deems just and equitable.

Dated this 26th day of May, 2017.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
Email: tommy@consumerjusticecenter.com

Thomas J. Lyons, Esq.
WI Attorney I.D. #: 1019127
LYONS LAW FIRM P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
Email: tlyons@lyonslawfirm.com

Joshua D. Christianson, Esq.
WI Attorney I.D. #: 1060033
FREUND LAW OFFICE
920 So. Farwell St., Ste. 1800
P.O. Box 222
Eau Claire, WI 54702-0222
Phone: 715/832-515
josh@menomonie-bankruptcy.com

***ATTORNEYS FOR PLAINTIFFS***

13