IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK E. JOHNSON, DONNA J. ANDERSON, and
JODI M. EICK, on behalf of themselves and all others
similarly situated,

                                  Plaintiffs,

       v.

DISCOVER BANK,

                                  Defendant.

OPINION & ORDER

17-cv-412-jdp

---

This proposed class action arises out of credit cards that plaintiffs Mark E. Johnson, Donna J. Anderson, and Jodi M. Eick applied for and received from defendant Discover Bank. Plaintiffs failed to repay the balances on their credit card accounts and subsequently filed bankruptcy actions. Discover filed claims related to plaintiffs' credit card debt in those actions and attached to the pleadings copies of plaintiffs' monthly billing statements. Included in those statements were plaintiffs' credit scores, which Discover did not redact. Plaintiffs contend that publishing their credit scores was an impermissible use of a "consumer report" under the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

Now before the court is Discover's motion under 9 U.S.C. §§ 3 and 4 to compel arbitration and stay the proceedings. Dkt. 10. Because Discover has shown that plaintiffs' claims fall within the scope of the parties' arbitration agreement and plaintiffs have not identified any valid grounds for refusing to enforce that agreement, the court will grant Discover's motion to compel.

ANALYSIS

To prevail on its motion to compel arbitration, Discover must show three things: (1) a valid, written agreement to arbitrate exists; (2) plaintiffs' claims fall within the scope of that agreement; and (3) plaintiffs have refused to proceed to arbitration in accordance with the agreement. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). It is undisputed that plaintiffs have an arbitration agreement with Discover and that plaintiffs are refusing to arbitrate their claims. But the parties debate whether the agreement is enforceable and, if it is, whether the agreement applies to the claims in this case. The court will address both issues in turn.

**A. Whether the arbitration clause is enforceable under federal law**

Plaintiffs say that a new regulation issued by the Consumer Financial Protection Bureau prohibits class action waivers in arbitration clauses on the claims that plaintiffs are raising in this case. *Arbitration Agreements*, 82 Fed. Reg 333210, 33428 (July 19, 2017). Although that is a separate question from arbitrability, the two issues are connected under the terms of the arbitration clause in the cardmember agreement. The agreement includes a severability clause, which states that the arbitration clause "will be void" in the event that a court determines that the class action waiver is invalid. Dkt. 13-1, at 3.[1]

Plaintiffs' reliance on the new regulation fails for the simple reason that Congress already repealed the regulation. *Arbitration Agreements*, Public Law 115-74, 131 Stat. 1243 (Nov. 1, 2017) ("Congress disapproves the rule submitted by the Bureau of Consumer Financial Protection relating to 'Arbitration Agreements' (82 Fed. Reg. 33210 (July 19, 2017)),

---

[1] This is a citation to Johnson's cardmember agreement, but plaintiffs do not contend that there are relevant differences among any of plaintiffs' agreements.

and such rule shall have no force or effect."). And even if the regulation had not been repealed, it applied only to arbitration agreements "entered into on or after March 19, 2018." 82 Fed. Reg. 33430.

## B. Whether plaintiffs' claims fall within the scope of the arbitration agreement

The parties' cardmember agreement includes a clause in which the parties agree to arbitrate "a dispute between [the cardholder] and [Discover] arising under or relating to this Account." Dkt. 13-1, at 3. The parties debate whether that language is broad enough to encompass claims for violations of the FCRA under the facts of this case. The court concludes that it is.

The Court of Appeals for the Seventh Circuit has held that the language "arising out of or relating to" is "extremely broad," "capable of an expansive reach" and "necessarily create[s] a presumption of arbitrability." *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909–10 (7th Cir. 1999). The agreement in this case uses slightly different phrasing by substituting "arising *under*" for "arising *out of*." In *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, the court stated that "arising under" may have a more limited scope than "arising out of." 1 F.3d 639, 642 (7th Cir. 1993). Regardless, courts have consistently held that the phrase "relating to" in arbitration agreements has a broad scope. *E.g.*, *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 639 (7th Cir. 2002) (both "arising out of" and "relating to" are "expansive clauses" that "broadly . . . include all manner of claims tangentially related to the agreement, including claims of fraud, misrepresentation, and other torts involving both contract formation and performance").[2] When an agreement "contains a generally applicable arbitration clause"

---

[2] The Seventh Circuit has also interpreted the phrase "relating to" broadly as a general matter. *E.g.*, *Acquaah v. Sessions*, 874 F.3d 1010, 1017 (7th Cir. 2017) ("[A]bsent contrary indications from context, the term 'relating to' is broad and indeterminate."); *Victoria-Faustino v. Sessions*,

such as the clause at issue in this case, there is a presumption of arbitrability, which the party

opposing arbitration must rebut with evidence of the parties' intent to exclude the claim from

arbitration. *Karl Schmidt Unisia, Inc. v. International Union, United Auto., Aerospace, and Agr.*

*Implement Workers of America, UAW Local 2357*, 628 F.3d 909, 912–13 (7th Cir. 2010).

Even without a presumption, plaintiffs' claims in this case fall within the scope of the

arbitration clause. Plaintiffs are challenging defendants' decision to publish information in

plaintiffs' *account* statements by attaching those statements to pleadings in which Discover was

seeking to recover amounts past due on plaintiffs' *accounts*. Under any reasonable reading,

plaintiffs' claims "relat[e] to" their account with Discover.

Plaintiffs resist this conclusion on a number of grounds, but none are persuasive. First,

plaintiffs say that the use of the word "disputes" is "not broad enough . . . to encompass all

'claims.'" Dkt. 18, at 13. They point to an earlier version of the cardmember agreement that

applies to a "claim or dispute," Dkt. 13-2, but they cite no evidence that Discover intended to

narrow the scope of the arbitration clause rather than eliminate a redundancy. A review of the

relevant case law shows that arbitration agreements use different words such as "claim,"

"dispute," and "controversy" interchangeably.[3] Plaintiffs cite no cases in which a court attached

any significance to the use of one term over another.

---

865 F.3d 869, 879 (7th Cir. 2017) ("[T]he ordinary meaning of 'relating to' is a broad one, meaning to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.") (internal quotations omitted).

[3] *E.g.*, *Thomas v. Midland Credit Mgmt., Inc.*, No. 17-cv-523, 2017 WL 5714722, at *10 (E.D.N.Y. Nov. 27, 2017) (using "disputes" and "claims" interchangeably); *Evans v. Midland Funding*, LLC, No. 16-cv-421, 2017 WL 1347694, at *4 (W.D. Ky. Apr. 10, 2017) (using "disputes" and "claims" interchangeably); *Conway v. Done Rite Recovery Servs., Inc.*, No. 14-CV-5182, 2015 WL 1989665, at *5 (N.D. Ill. Apr. 30, 2015) ("any controversy or claim"); *Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, 871 (E.D. Wis. 2006) ("claims, disputes,

If anything, the meaning of "dispute" is *broader* than the meaning of "claim" because a

claim is a *type* of dispute. *Compare* DISPUTE, *Black's Law Dictionary* 572 (10th ed. 2014) ("A

conflict or controversy, esp. one that has given rise to a particular lawsuit") *with* CLAIM, *Black's*

*Law Dictionary* 300 ("A demand for money, property, or a legal remedy to which one asserts a

right").[4]

Plaintiffs cite *Garriguenc v. Love* to support their argument that "dispute" should be

construed narrowly because that is how a consumer would understand the term. 67 Wis. 2d

130, 134–35, 226 N.W.2d 414, 417 (1975) ("[T]he test is not what the insurer intended the

words to mean but what a reasonable person in the position of an insured would have

understood the words to mean."). *Garriguenc* involved an interpretation of an insurance plan,

not an arbitration agreement, which involves different canons of construction. *Gore v. Alltel*

*Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) ("[A]ny doubt concerning the scope of

the arbitration clause is resolved in favor of arbitration as a matter of federal law."). But even

if the court assumes that the rule in *Garriguenc* applies in this case, plaintiffs identify no reason

that a reasonable consumer would construe the word "dispute" as excluding claims in a lawsuit.

In fact, plaintiffs do not explain what they believe that "dispute" means if it does not include

---

controversies").

[4] *See also Veneziale v. Quest Diagnostics,* No. CIV.A. 11-4879, 2013 WL 4551178, at *5 (E.D. Pa. Aug. 28, 2013) (word "disputes" has "a broader scope" than the word "claims"); *Robert Half Int'l, Inc. v. Thompson,* No. 98 C 1080, 1999 WL 138849, at *6 (N.D. Ill. Mar. 5, 1999) ("'dispute' [i]s a broader term than 'claim'"; "dispute" [i]s a term that refers to the entire controversy—which may include one or more claims—between parties").

claims. If the court were to adopt plaintiffs' view, it would render the arbitration clause meaningless because all litigation consists of claims.

Plaintiffs' second argument is that their claims are not covered by the arbitration clause because the cardmember agreement says nothing about credit scores. According to plaintiffs, this means that their claims are "not based on Discover's contract (the Cardmember Agreement)," but rather are "premised on a violation of the federal statutes." Dkt. 18, at 17–18. They also make a related argument that the arbitration clause does not apply because "Discover provided [credit] scores as marketing campaign intended to attract customers" rather than because of a promise in the cardmember agreement. Dkt. 18, at 14. All of these arguments fail.

It is well established that arbitration clauses are not limited to breach of contract claims if the language of the clause is broad enough to cover other types of claims. *Sweet Dreams*, 1 F.3d at 642 (arbitration clause that applies to claims "arising out of" contract "reaches all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se"); *In re Oil Spill*, 659 F.2d 789, 794 (7th Cir. 1981) ("Whether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause."). Even federal statutory claims are not exempt from arbitration clauses unless Congress has "evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000). Many courts have found such an intent lacking in the FCRA and the FDCPA. *E.g.*, *Pacanowski v. Fin.*, 271 F. Supp. 3d 738 (M.D. Pa. 2017) ("[M]any Courts have held that [FDCPA] claims are not categorically exempt from [an arbitration agreement's] reach.") (internal quotations omitted);

*Carroll v. Onemain Fin. Inc.*, No. 14-cv-14514, 2015 WL 7717132, at *5 (E.D. Mich. Nov. 30, 2015) ("[T]here is no evidence that Congress did not intend [FCRA] claims . . . to be subject to agreed-upon arbitration."). *See also Mitchell v. Sajed*, No. 13-cv-312, 2013 WL 3805041, at *4 (E.D. Va. July 22, 2013) ("Plaintiff's argument that his claims do not fall within the scope of the arbitration clause because it does not explicitly reference the FCRA, FDCPA, or FACTA is unpersuasive because the arbitration clause is broadly written to include 'any claim, dispute or controversy' arising in relation to the Credit Card account."). Plaintiffs cite no contrary authority and they do not otherwise explain why claims under FCRA and FDCPA cannot be subject to arbitration.

As discussed above, the language of the arbitration clause is broad enough to include the claims raised in this case. The clause is not limited to claims arising under the cardmember agreement and it is not limited to conduct by Discover that has a particular purpose, as plaintiffs suggest. Rather, the clause applies to any claim related to plaintiffs' Discover account. Thus, it is not dispositive whether the cardmember agreement discusses credit scores. Again, plaintiffs' claims are related to their account because the disclosures they are challenging appear on account statements and were filed in the context of litigation about the collection of a debt owed on the account.

Plaintiffs' third argument is that their claims are outside the scope of the arbitration clause because including credit scores on "billing statements was never an integral part of, or necessary for, Discover's administration of its Account with Plaintiffs." *Id.* at 13. This is a little closer to the mark because it focuses on the claims' relationship to the account rather than just the agreement. But the obvious flaw with the argument is that the arbitration clause does not require the claim to be "an integral part" of the account or a "necessary" part of its

administration. As discussed above, the phrase "relating to" permits a more indirect connection. Although "the breadth of the words 'related to' does not mean the sky is the limit," *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013), this is not a situation in which the relationship is so "tenuous, remote, or peripheral," *id.*, that it does not trigger the arbitration clause.

Finally, plaintiffs cite several cases in which courts denied motions to compel arbitration. But none of the cases are instructive because the reasons the courts denied the motions have nothing to do with the issues raised in this case. *In re Henson*, 869 F.3d 1052, 1062 (9th Cir. 2017) (concluding that party was not entitled to invoke arbitration clause under doctrine of equitable estoppel); *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748 (7th Cir. 2017) (rejecting argument that appellant was entitled to invoke arbitration clause under doctrine of equitable estoppel); *Indus. Elecs. Corp. of Wisconsin v. iPower Distribution Grp., Inc.*, 215 F.3d 677, 680–81 (7th Cir. 2000) (affirming denial of motion to compel because claims were related to agreement that did not have arbitration clause); *Roberts Irrigation Co., Inc. v. Hortau Corp.*, No. 16-cv-0028, 2016 WL 3440623, at *3 (W.D. Wis. June 20, 2016) (denying motion to compel because arbitration agreement was expired); *Pagan v. Integrity Sol. Servs., Inc.*, 42 F. Supp. 3d 932, 933 (E.D. Wis. 2014) (concluding that nonsignatory to arbitration agreement could not rely on equitable estoppel to enforce arbitration agreement).

In sum, Discover has shown that it has an enforceable arbitration agreement with plaintiffs that covers the claims raised in this case. Because plaintiffs have not identified any other reason for refusing to enforce the agreement, the court will grant Discover's motion to compel and stay the proceedings in this court pending arbitration.[5]

---

[5] Because Discover has requested a stay rather than a dismissal, the court understands Discover

ORDER

IT IS ORDERED that:

1. Defendant Discover Bank's motion to compel arbitration, Dkt. 10, is GRANTED.

2. This case is STAYED pending the outcome of arbitration proceedings. Because the arbitration may resolve all of the issues between the parties and make any further proceedings in this court unnecessary, the clerk of court is directed to close the case administratively. If arbitration does not resolve all of the issues, then either party may move the court to reopen the case.

Entered February 12, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

---

to be agreeing to conduct arbitration in this district. *Faulkenberg v. CB Tax Franchise Systems, LP,* 637 F.3d 801, 808 (7th Cir. 2011) ("[U]nder § 4 of the FAA, a district court cannot compel arbitration outside the confines of its district.").